**United States District Court**
For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   THOMAS LUTGE,

10         Plaintiff,                          No. C 06-07128 JSW

11   v.

12   ESKANOS & ADLER, P.C., et al.,            **NOTICE OF QUESTIONS**

13         Defendants.
                                            /

14

15         TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE

16   NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON

17   MARCH 23, 2007 at 9:00 a.m.:

18         The Court has reviewed the parties' memoranda of points and authorities and, thus, does

19   not wish to hear the parties reargue matters addressed in those pleadings.  If the parties intend to

20   rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing

21   counsel of these authorities reasonably in advance of the hearing and to make copies available

22   at the hearing.   If the parties submit such additional authorities, they are ORDERED to submit

23   the citations to the authorities only, without argument or additional briefing.  *Cf.* N.D. Civil

24   Local Rule 7-3(d).  The parties will be given the opportunity at oral argument to explain their

25   reliance on such authority.

26         Each party will have fifteen minutes to address the following questions:

27   (1)    In opposition to Defendants' motion, Plaintiff submitted a declaration in which he states

28          that Defendants: "boasted to me they were the best debt collectors in town, and that they
            were going 'to come and get me.'" (Declaration of Thomas Lutge, ¶ 9.)  Plaintiff further
            states that Defendants threatened him by saying "We are going to get you."  (*Id.*, ¶17.)

Why or why not is Plaintiff's declaration regarding such statements sufficient to demonstrate a prima facie case that, if proved, would support a judgment in his favor with respect to the section 1788.10(a) of the California Fair Debt Collection Practices Act ("FDCPA")?  *See Mann v. Quality Old Time Service, Inc.*, 120 Cal. App. 4th 90, 105 (2004).

(2)   Plaintiff states in his declaration that between February and April 2006, Defendants "repeatedly call[ed] him twice a day demanding payment."  (Declaration of Thomas Lutge, ¶ 25.)  However, Plaintiff does not specify on how many occasions Defendants called him twice a day, the times of such calls, or the content of Defendants' alleged statements on such calls.  Does Plaintiff have any more detailed information regarding these calls that would assist the Court in determining whether such calls, if true, would be considered unreasonable and harassing pursuant to California Civil Code § 1788.11(e)?

(3)   To have standing to assert his claim under California Business and Professions Code section 17200, Plaintiff must demonstrate that he "has suffered injury in fact and has lost money or property as a result of such unfair competition."  Cal. Bus. & Prof. Code § 17204; *see also Aron v. U-Haul Co. of California*, 143 Cal. App. 4th 796, 802 (2006).  What money or property, if any, does Plaintiff contend he lost as a result of Defendants' alleged violations of the FDCPA?

(4)   Plaintiff's counsel submitted a copy of the entire transcript of a proceeding on Defendants' application for a workplace violence restraining order.  Neither the opposition brief nor counsel's declaration cites to any particular portions of the transcript or argues why the proceeding is relevant to the motion to strike.  Plaintiff must identify with reasonable particularity the evidence on which he relies.  *See Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)) (stating that it is not a district court's task to "scour the record in search of a genuine issue of triable fact").  What specific portions of the transcript, if any, does Plaintiff contend supports his opposition to the motion to strike, and on what basis?

(5)   Do the parties have anything further to add?

**IT IS SO ORDERED.**

Dated: March 22, 2007

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California