Code § 17204). Lutge's sole statement in his declaration regarding any "lost money" is that Defendants' alleged violations of the Federal Fair Debt Collection Practices Act caused him to "los[e] loan financing for house purchase." (Lutge Decl., ¶ 33.) Lutge fails to provide any explanation as to how the alleged threats or repeated phone calls could or did cause him to lose financing for a house purchase. Notably, Lutge does not allege, let alone provide any evidence of, any acts related to credit reporting by Defendants. Moreover, even if Lutge did submit evidence to demonstrate that Defendants' attempts to collect a debt caused him to lose financing for a house purchase, he does not submit any evidence to establish that, but for Defendants' alleged conduct, he would have purchased the house, *i.e.*, that he had an offer accepted and would have been able to obtain financing had it not been for Defendants' conduct. Finally, Lutge submits no evidence that he lost any money based on his alleged lost opportunity to purchase a house. Therefore, the Court finds that Lutge fails to establish a prima facie showing that he has standing to bring a Section 17200 claim, and thus, grants Defendants' motion to strike this claim.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Defendants' special motion to strike. The motion is granted as to Lutge's Section 17200 claim and his Rosenthal Act claim against Eskanos. The motion is denied as to Lutge's Rosental Act claim against Eskanos & Adler and White.

**IT IS SO ORDERED.**

Dated: May 23, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

8