IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LUTGE, | |
| Plaintiff, | No. C 06-07128 JSW |
| v. | |
| ESKANOS & ADLER, P.C., et al., | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' SPECIAL MOTION TO STRIKE** |
| Defendants. / | |

Now before the Court is the Special Motion to Strike plaintiff Thomas Lutge's fourth and sixth causes of action pursuant to California Code of Civil Procedure 425.16 filed by defendant Eskanos & Adler, P.C. ("Eskanos & Adler"), Irwin Eskanos ("Eskanos"), and Ryan White ("White") (collectively, "Defendants"). Having considered the parties' arguments, relevant legal authority, and having had the benefit of oral argument, the Court hereby grants in part and denies in part Defendants' motion.

**BACKGROUND**

Plaintiff Thomas Lutge ("Lutge") alleges that Defendants attempted to collect a debt that he did not owe and that Defendants used improper methods to attempt to collect the money. (First Amend. Compl., ¶¶ 10, 13-15, 23-26, 31.) Lutge also alleges that Defendants improperly obtained a temporary restraining order against him. (*Id*., ¶¶ 19-22, 26-29.)[1] Based on such allegations, Lutge filed an action and brings claims against Defendants under the following

---

[1] In support of their special motion to strike, Defendants submitted a request that the Court take judicial notice court documents relating to the temporary restraining order. Because the Court did not need to consider these document in reaching its decision, Defendants' request to take judicial notice is DENIED on that basis.

statutes: (1) the Federal Debt Collection Practices Act, 15 U.S.C. §§ 1692b-1692j; (2) the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788, *et seq*., and (3) California Business and Professions Code § 17200 ("Section 17200"). Defendants move to strike Lutge's claims under the Rosenthal Act and Section 17200. The Court will address additional specific facts as required in the analysis.

## ANALYSIS

**A.   Legal Standard for Special Motion to Strike.**

California's anti-SLAPP ("Strategic Lawsuit Against Public Participation") statute provides a mechanism for a defendant to strike civil actions brought primarily to chill the exercise of free speech. Cal. Code Civ. Proc. § 425.16(b)(1); *see also Metabolife International, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1221 (S.D. Cal. 2002). The California Legislature passed the statute and explicitly recognized "the public interest to encourage continued participation in matters of public significance ... and [found] that this participation should not be chilled through abuse of the judicial process." *Metabolife*, 213 F. Supp. 2d at 1221 (citations omitted). Thus, to deter such chilling, a prevailing defendant on a special motion to strike shall be entitled to recover his or her reasonable attorney's fees and costs. *Id.*, citing Cal. Code Civ. Proc. § 425.16(c).

Section 425.16 provides, in relevant part, that

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.
>
> As used in this section, 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a ... judicial proceeding, or any other official proceeding authorized by law....

Cal. Code Civ. Proc. §§ 425.16(b)(1); 425.16(e).

A special motion to strike a SLAPP suit involves a two-step analysis. First, the court must decide whether the defendant has made a threshold showing that the challenged cause of

2

action is one "arising from" protected activity. *See, e.g., City of Cotati v. Cashman*, 29 Cal. 4th 69, 76 (2002). The defendant may meet this threshold burden by showing that the act which forms the basis for the plaintiff's cause of action was a written or oral statement made before a judicial proceeding. *See Church of Scientology of California v. Wollersheim*, 42 Cal. App. 4th 628, 646 (1996). Courts examine the "principal thrust or gravamen" of the claims at issue to determine whether they arise from protected activity. *Mann v. Quality Old Time Service, Inc.*, 120 Cal. App. 4th 90, 103 (2004). "Where a cause of action alleges both protected and unprotected activity, the cause of action will be subject to section 425.15 unless the protected activity is 'merely incidental' to the unprotected conduct." *Id*. (quoting *Scott v. Metabolife Int'l., Inc.*, 115 Cal. App. 4th 404, 419 (2004)).

If the defendant establishes a prima facie case that the claims arise from protected activity, the burden then shifts to the plaintiff to establish a probability that the plaintiff will prevail on the claim. *Wollersheim*, 42 Cal. App. 4th at 646; *see also Cotati*, 29 Cal. 4th at 76. In making its determination, the trial court is required to consider the pleadings and supporting and opposing affidavits stating the facts upon which liability or defense is based. *See* Cal. Code Civ. Proc. § 425.16(b).

**B.  Defendants' Motion.**

### 1. Defendants Have Met Threshold Burden of Demonstrating Challenged Cause of Actions Arise From Protected Activity.

The right of access to the courts is an aspect of the First Amendment right to petition the government for redress of grievances. *See Wollersheim*, 42 Cal. App. 4th at 647. The constitutional right to petition includes the basic act of filing litigation or otherwise seeking administrative action. *See Briggs v. Eden Council for Hope and Opportunity*, 19 Cal.4th 1106, 1115 (1999). By logical extension, the right to petition also necessarily includes participation in the litigation as well. *See id.* Therefore, a cause of action arising from a defendant's litigation activity may properly be the subject of a section 425.16 motion to strike. *See Wollersheim*, 42 Cal. App. 4th at 648. In addition, in interpreting the scope of a section 425.16 motion to strike, courts have "adopted a fairly expansive view of what constitutes litigation-

3

1 related activities." *Kashian v. Harriman*, 98 Cal. App. 4th 892, 908 (2002). The scope of
2 protected litigation activities broadly includes communication, including statements to the court
3 and other, non-speech conduct. *See, e.g., Susan S. v. Israels*, 55 Cal. App. 4th 1290, 1300-01
4 (1997).

5      In this matter, Lutge's complaint includes allegations relating to an action Defendants
6 initiated in state court to obtain a temporary restraining order against him. He alleges, in
7 pertinent part:

> 19. Eskanos & Adler are lawyers that apparently went into court without notifying plaintiff and obtained a three year restraining order dated September 1, 2006.
> 20. Plaintiff was never served with the request for a restraining order, or the order setting a hearing for a restraining order.
> 21. The first time Plaintiff heard about the restraining order was during late August 2006 when it was mailed to him. Plaintiff then sent it to counsel, and instructed counsel to take steps to set it aside and file this lawsuit.
> 22. Plaintiff has now been charged by Eskanos & Adler with "annoying phone calls to a residence" when the restraining order is for "threats to work."
> ...
> 27. Defendants violated the Fair Debt Collection Practices Act by improperly misrepresenting the legal status of the debt, by filing false proofs of service in the Contra Costa County Superior Court, Action No. N06-0869, by pretending to that Court that [Lutge] is somehow hard to find when in fact he is easily located in the phone book as residing in Marin County, and by obtaining unfair court advantage in a restraining order process by so filing a false and misleading proof of service, a violation of 15 U.S.C. 1692(e).
> 28. Defendants violated the Fair Debt Collection Practices Act by improperly misrepresenting the legal status of the debt, by filing false statements of a need for a restraining order due to what they call work place violence, filed by defendants in the Contra Costa County Superior Court, Action No. N06-0869, a violation of 15 U.S.C. 1692(e).
> 29. Defendants violated the Fair Debt Collection Practices Act by improperly misrepresenting the legal status of the debt, by filing false statements with the police of a need for a restraining order and harassing phone calls, resulting in a criminal complaint against Mr. Lutge alleging harassing phone calls in a residence [Cal. Penal Code Section 653m(b). See 15 U.S.C. 1692(e).

(First Amend. Compl., ¶¶ 19-22, 27-29.) Lutge then incorporates these allegations into his state-law claims, the Rosenthal Act and Section 17200. (*Id*., ¶¶ 59, 66, 75.)

     Lutge does not dispute that obtaining the restraining order was protected activity, but argues that his allegations relating to the state-court litigation are merely incidental to his claims. Upon review of the complaint, the Court finds that while his claims are based in part on

unprotected activity, Lutge also alleges that Defendants' conduct in the litigation to obtain the restraining order violated the Fair Debt Practices Act, and, by incorporation, violates the Rosenthal Act and Section 17200. The Court thus finds that Lutge's state-law claims are based on both protected and unprotected activity. Defendants have therefore met their threshold burden of demonstrating that the challenged caused of action are ones "arising from" protected activity. *See, e.g., Cotati*, 29 Cal.4th at 76.

**2.      Lutge's Burden of Demonstrating a Probability of Prevailing on Merits.**

Once Defendants have reached the threshold showing, the burden shifts to Lutge to establish a probability of prevailing at trial. *See Wollersheim*, 42 Cal. App. 4th at 646. Lutge need not *prove* the challenged claims. "Rather, the court considers whether the plaintiff has made a prima facie showing of facts based on competent admissible evidence that would, if proved, support a judgment in the plaintiff's favor." *Mann*, 120 Cal. App. 4th at 105. A plaintiff need only establish the challenged cause of action has "minimal merit." *Navellier v. Sletten,* 29 Cal.4th 82, 94 (2002). Moreover, where "a plaintiff can show a probability of prevailing on *any part of its claim*, the cause of action is not meritless and will not be subject to the anti-SLAPP procedure. ... [O]nce a plaintiff shows a probability of prevailing on any part of its claim, the plaintiff *has established* that its cause of action has some merit and the entire cause of action stands." *Mann*, 120 Cal. App. 4th at 106 (emphasis in original); *see also Simmons v. Allstate Ins. Co.*, 92 Cal. App. 4th 1068, 1073 (2001) ("a SLAPP motion, like a summary judgment motion, *pierces* the pleadings and requires an evidentiary showing") (emphasis in original).

**i.      Rosenthal Act Claim.**

**a.      Eskanos & Adler and White.**

The Rosenthal Act prohibits debt collectors from threatening or harassing debtors with physical force or false criminal accusation, from defaming the debtor other than lawfully disclosing the fact that the debtor has failed to pay a consumer debt, and from threatening seizure or garnishment, unless such action is actually contemplated. Cal. Civ. Code § 1788.10. It similarly prohibits using obscene language, failing to disclose the caller's identity, and

5

1  making calls with unreasonable frequency. Cal. Civ. Code § 1788.11.  It bars debt collectors
2  from making false or misleading representations and proscribes debt collection practices that
3  abuse the judicial system or disregard the attorney-client relationship. Cal. Civ. Code §§
4  1788.13-1788.16.

5  Plaintiff alleges that Defendants violated the following three specific provisions of the
6  Rosenthal Act: (1) Cal. Civ. Code § 1788.10(e) (which prohibits a "threat to any person that
7  nonpayment of the consumer debt may result in the arrest of the debtor or the seizure,
8  garnishment, attachment or sale of any property ..., unless such action is in fact contemplated by
9  the debt collector and permitted by law"); (2) Cal. Civ. Code § 1788.13(d) (which prohibits a
10 "representation that any debt collector is vouched for, bonded by, affiliated with, or is an
11 instrumentality, agent or official of any federal, state or local government or any agency of
12 federal, state or local government, unless the collector is actually employed by the particular
13 governmental agency in question and is action on behalf of such agency in the debt collection
14 matter"); and (3) Cal. Civ. Code § 1788.13(j) (which prohibits a "false representation that a
15 legal proceeding has been, is about to be, or will be instituted unless payment of a consumer
16 debt is made").  (First Amend. Compl., ¶¶ 61, 63.)

17 Upon review of Lutge's complaint, it is not clear how the facts he alleges would
18 constitute a violation of any of the above provisions of the Rosenthal Act.  Nevertheless, Lutge
19 also alleges more generally that Defendants violate the entire statute.  (First Amend. Compl., ¶
20 58.)  Section 1788.10(a) of the FDCPA prohibits: "The use, or threat of use, of physical force or
21 violence or any criminal means to cause harm to the person, or the reputation, or the property of
22 any person." Cal. Civ. Code § 1788.10(a).  Section 1788.11 prohibits "[c]ommunicating, by
23 telephone or in person, with the debtor with such frequency as to be unreasonable and to
24 constitute ... harassment to the debtor under the circumstances." Cal. Civ. Code § 1788.11(e).

25 Lutge submitted a declaration in opposition to Defendants' motion in which he states
26 that Eskanos & Adler "boasted to [him] that they were the best debt collectors in town, and that
27 they were going 'to come and get [him]' [He] did not take kindly to such threats... ."
28 (Declaration of Thomas Lutge ("Lutge Decl."), ¶ 9.)  He further declares that between February

6

and April 2006, Defendants "repeatedly call[ed] him twice a day demanding payment." (*Id.*, ¶ 25.) Although Lutge did not submit much evidence in support of his claims, the Court finds that he submitted evidence which, if credited, is sufficient to establish his Rosenthal Act claim has "minimal merit." *Navellier,* 29 Cal. 4th at 94. A statement that Defendants were "going to come and get" Lutge could be threatening and could be interpreted to mean Defendants were going to come after him physically. Moreover, if the repeated phone calls occurred frequently over a four month period, it could amount to harassment. While it would have been helpful if Lutge had provided more detailed information supporting his contentions, the Court cannot find that his evidence is insufficient as a matter of law to support his Rosenthal Act claim. Therefore, with the exception of Eskanos, the Court denies Defendants' special motion to strike as to this claim.[2]

**b.   Eskanos.**

Defendants move to strike the Rosenthal Act claim against Eskanos, arguing that he is an attorney, and thus, not subject to the Rosenthal Act. Lutge alleges that "Eskanos & Adler are lawyers" and does not dispute that Eskanos is an attorney. (First Amend. Compl., ¶ 19.) The Rosenthal Act "does not apply to attorneys." *Navarro v. Eskanos & Adler*, 2007 WL 549904, *5 (N.D. Cal. Feb. 20, 2007); *see also* Cal. Civ. Code § 1788.2(c); *Carney v. Rotkin, Schmerin & McIntyre*, 206 Cal. App. 3d 1513, 1526 (1988) ("the Act applies only to 'debt collectors'; it specifically exempts attorneys from its coverage"). Accordingly, the Court grants Defendants' motion as to Lutge's Rosenthal Act claim against Eskanos.

**ii.   Section 17200 Claim.**

Proposition 64, which was approved by California voters on November 2, 2004, amended Section 17200 to limit the standing of private plaintiffs to bring such claims to those who "suffered injury in fact and has lost money as a result of such unfair competition." *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1193 (S.D. Cal. 2005) (quoting Cal. Bus. & Prof.

---

[2] Defendants also move to strike Lutge's claims related to the restraining order, arguing that they are barred by California Civil Code § 47(b)(2). Because the Court finds that Lutge has provided sufficient support for his Rosenthal Act claim based on alleged facts that are independent from his allegations regarding the restraining order, the Court need not address this argument at this procedural stage.

7

1  Code § 17204).  Lutge's sole statement in his declaration regarding any "lost money" is that
2  Defendants' alleged violations of the Federal Fair Debt Collection Practices Act caused him to
3  "los[e] loan financing for house purchase."  (Lutge Decl., ¶ 33.)  Lutge fails to provide any
4  explanation as to how the alleged threats or repeated phone calls could or did cause him to lose
5  financing for a house purchase.  Notably, Lutge does not allege, let alone provide any evidence
6  of, any acts related to credit reporting by Defendants.  Moreover, even if Lutge did submit
7  evidence to demonstrate that Defendants' attempts to collect a debt caused him to lose financing
8  for a house purchase, he does not submit any evidence to establish that, but for Defendants'
9  alleged conduct, he would have purchased the house, *i.e.*, that he had an offer accepted and
10  would have been able to obtain financing had it not been for Defendants' conduct.  Finally,
11  Lutge submits no evidence that he lost any money based on his alleged lost opportunity to
12  purchase a house.  Therefore, the Court finds that Lutge fails to establish a prima facie showing
13  that he has standing to bring a Section 17200 claim, and thus, grants Defendants' motion to
14  strike this claim.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Defendants' special motion to strike.  The motion is granted as to Lutge's Section 17200 claim and his Rosenthal Act claim against Eskanos.  The motion is denied as to Lutge's Rosental Act claim against Eskanos & Adler and White.

**IT IS SO ORDERED.**

Dated: May 23, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE