United States District Court<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LUTGE, | |
|     Plaintiff, | No. C 06-07128 JSW |
| v. | |
| ESKANOS & ADLER, P.C., et al., | **ORDER DENYING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |
|     Defendants. | |

Now before the Court is the motion for leave to file a third amended complaint filed by Plaintiff Thomas Lutge ("Lutge"). The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for October 19, 2007 is HEREBY VACATED. Having carefully reviewed the parties' papers and considered their arguments and relevant legal authority, the Court hereby denies Lutge's motion.

**BACKGROUND**

In this action, Lutge alleges that Defendants attempted to collect a debt that he did not owe and that Defendants used improper methods to attempt to collect the money. (Second Amended Complaint ("SAC"), ¶¶ 10, 13-15, 23-25, 30.) The conduct that Lutge alleges Defendants engaged in related to their debt collection efforts occurred between February and April of 2006. (SAC, ¶ 14.) According to Lutge, over a year later on July 25, 2007, two strangers attacked him and threatened to kill his daughter if he did not dismiss the present lawsuit against defendant Ryan White and "his boss." (Declaration of Thomas Lutge, ¶¶ 2-5.)

Based on this alleged event, Lutge seeks to add a claim for aiding and abetting an assault and battery against defendants Eskanos & Adler, Irwin Eskanos, and Ryan White.

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." *Id.* The general rule is that amendment of the pleading is permitted unless the opposing party makes a showing of bad faith, undue delay, prejudice to the opposing side, or futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).. Fed. R. Civ. P. 15(a).

Here, the amendment would be futile because the Court does not have jurisdiction over the proposed state-law claim. Federal courts have supplemental jurisdiction over state-law claims to the extent they are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). A state law claim is "part of the same case or controversy" as a federal claim when the two "derive from a common nucleus of operative fact ... such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004) (*quoting United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). Lutge's federal claims based on the alleged misconduct in attempting to collect a debt in early 2006 do not "derive from a common nucleus of operative fact" as the alleged assault and threat regarding the present lawsuit. Rather, the facts necessary to proves Lutge's debt collection claims are entire separate from the facts necessary to prove the proposed aiding and abetting assault and battery claim. Therefore, the Court finds that it does not have jurisdiction over the proposed state-law claim and thus, DENIES Lutge's motion for leave to amend as futile.

**IT IS SO ORDERED.**

Dated: October 17, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2